IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DICK PERRY CHIMEL NKONDI, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 1:26-CV-330-RP |
| | § | |
| PAM BONDI, *in her official capacity as* | § | |
| *Attorney General of the United States*, et al., | § | |
| | § | |
| Respondents. | § | |

**ORDER**

Before the Court is Petitioner Dick Perry Chimel Nkondi's (Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed on February 11, 2026. (Dkt. 1).[1] On February 13, 2026, pursuant to 28 U.S.C. § 2243, the Court ordered Respondents to show cause within four days[2] as to why the petition should not be granted. (Dkt. 3). On February 17, 2026, Respondents Kristi Lynn Noem, Secretary of the U.S. Department of Homeland Security;[3] Pam Bondi, Attorney General of the United States; Todd M. Lyons, Director of United States Immigration and Customs Enforcement ("ICE"); and Robert Cerna, Field Office Director for Detention and Removal, U.S. ICE[4] (together, "Respondents") filed a response in opposition, (Dkt. 4), to which Petitioner replied, (Dkt. 6). Having considered the parties' arguments, evidence presented, and relevant law, the Court will deny the Petition for Writ of Habeas Corpus.

---

[1] The Court ordered Petitioner to file a corrected petition for writ of habeas corpus that did not reveal the names of his minor children. Petitioner filed a corrected petition on February 24, 2026. (Dkt. 8). Because the corrected petition contains no substantive changes, the Court relies on the original petition for writ of habeas corpus for simplicity. The Court will seal the original petition.

[2] The Court allowed Respondents four days, instead of three, to respond to account for the three-day deadline falling on a weekend.

[3] Pursuant to Federal Rule of Civil Procedure 25(d), the Court "may order substitution at any time" when a party who is a public officer "ceases to hold office while the action is pending." As such, the Court will substitute Markwayne Mullin, the current Secretary of DHS, as the proper respondent in this case.

[4] All individual respondents were sued in their official capacities. The Response is filed only on behalf of the federal employees in this action. (Dkt. 4, at 1 n.1).

1

## I. BACKGROUND

Petitioner, a citizen of the Republic of the Congo, is detained at the T. Don Hutto Detention Center located in Taylor, Texas. (Pet., Dkt. 1, at 1). Petitioner has resided in the United States since September 17, 2024 and entered the country lawfully on a B-2 visitor visa. (*Id.*). Petitioner, along with his noncitizen wife and their noncitizen and U.S. citizen children, have a fixed residence in Portland, Maine. (*Id.* at 2). Petitioner's wife, Rachely Louisette Nkondi, filed a Form I-589, Application for Asylum and for Withholding of Removal, with U.S. Citizenship and Immigration Services ("USCIS") on October 28, 2024, prior to the expiration of their authorized stay. (*Id.*). Petitioner and the couple's noncitizen children are derivatives on that application. (*Id.*). Petitioner has no criminal history and no adverse immigration history beyond his alleged overstay on his visitor visa. (*Id.*).

On May 17, 2025, ICE apprehended and then detained Petitioner. (*Id.* at 1). Petitioner has had four custody proceedings before the Immigration Court on May 29, 2025, June 12, 2025, June 23, 2025, and August 5, 2025. (*Id.* at 2). His request for bond was denied at the June 23, 2025 hearing on the ground that he was a flight risk. (*Id.*). After obtaining new counsel and filing a motion for reconsideration, Petitioner asked the Immigration Judge to reconsider his bond request based on a claim of ineffective assistance of counsel at the June 23, 2025 hearing. (*Id.*). The Immigration Judge denied the request for reconsideration because Petitioner had not shown materially changed circumstances. (*Id.*). On November 26, 2025, the Immigration Judge conducted Petitioner's merits hearing on his application for asylum, withholding of removal, and protection under the Convention Against Torture. (*Id.*).

While awaiting a decision from the Immigration Judge, Petitioner filed his Petition for Writ of Habeas Corpus, challenging his detention under 28 U.S.C. § 2241. Petitioner claims his prolonged detention violates his procedural and substantive due process rights under the Fifth Amendment.

(*Id.* at 11–15). He argues that due process requires a new custody hearing at which the government has the burden to prove by clear and convincing evidence that continued detention is necessary because Petitioner is a flight risk or danger to the community. (*Id.* at 14). Petitioner also contends that substantive due process prohibits his continued detention as it no longer reasonably relates to a legitimate purpose. (*Id.* at 14–15). According to Petitioner, federal courts can review an immigration judge's flight risk determination as a mixed question of law and fact. (*Id.* at 15–16). Finally, Petitioner asserts he is suffering actual prejudice as a result of his unconstitutional continued detention. (*Id.* at 17–18). Petitioner asks this Court to declare his continued detention unconstitutional and grant his writ of habeas corpus and order his release or order a constitutionally adequate bond hearing at which the government bears the burden to prove by clear and convincing evidence that continued detention is necessary because Petitioner is a flight risk or danger to the community. (*Id.* at 19–20).

Respondents' response to the Petition for Writ of Habeas Corpus failed to address Petitioner's factual circumstances or his legal arguments. (*See* Dkt. 4). Rather, the response appears to be boilerplate, a template response that Respondents frequently file in cases where the petitioner entered the country unlawfully and is being detained without a bond hearing. In this case, Petitioner entered the country lawfully and has had bond hearings during his detention. Despite those clear facts stated in the petition, the response incorrectly describes the circumstances of Petitioner's arrival and relies on irrelevant law—such as, "The Fifth Circuit made clear that aliens present in the United States who have not been admitted by lawful means, remain 'applicants for admission' who were 'seeking admission,'" (*id.* at 3)—and analyzes Petitioner's requests for relief under 8 U.S.C. § 1225 as if he entered the country unlawfully, (*id.* at 2–9). Regarding the application of due process rights under the Fifth Amendment, Respondents continue: "Under longstanding precedent, petitioners who have never 'been admitted into the country pursuant to law' are due only the process given by Congress in statute." (*Id.* at 9). All of Respondents' arguments in opposition are

3

premised on Petitioner having entered the country unlawfully, which is not what happened in this case.

Counsel for Respondents did not meet the standards of conduct set out in Western District of Texas Local Rule AT-4(c) Standards for Pretrial Conduct, Written Submissions[5] nor did it meet the expectations of this Court for the government. While the Court understands that the government is handling many immigration habeas matters, the Court does not accept busyness as an excuse for an opposition brief that was woefully inadequate and premised on incorrect facts. The government cannot blindly file template briefs filled with copied and pasted boilerplate language. Because the response was lacking and unhelpful and the Court did not know the government's position on Petitioner's requests, the Court scheduled a hearing that was held on March 20, 2026. (Dkt. 13). Two days before the hearing, Respondents filed a second response to the Petition for Writ of Habeas Corpus. (Dkt. 11).

The second response, which was untimely, substantively responded to the arguments Petitioner presented. Respondents stated, in bold, as if the Court and Petitioner were unaware: "The instant case is not at all similar or governed by the same analysis that this Court and other Courts within the Western District have applied regarding habeas petition grounded in issues stemming from *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). Petitioner in this case is detained pursuant to 8 U.S.C. § 1226 and not 8 U.S.C. § 1225." (*Id.* at 1). Respondents argued that this Court lacks jurisdiction to review the discretionary judgment of the Immigration Judge under 8 U.S.C.§ 1226(e) and that Petitioner's detention comports with due process guarantees under the Fifth Amendment. (*Id.* at 2–4). The Court learned from one sentence in the second response that the Immigration Judge had issued a decision on March 9, 2026. (*Id.* at 2). The Immigration Judge

---

[5] For example, under the Rules, "[b]riefs and memoranda should not refer to or rely on facts that are not properly of record." W.D. Tex. Local Rule AT-4(c). Briefs should accurately reflect the facts and procedural posture of the case at hand.

ordered Petitioner's application for asylum was denied; Petitioner's application for withholding of removal was denied; Petitioner's application for protection under the Convention Against Torture was denied; and Petitioner be removed from the United States to the Republic of the Congo. (*Id.* at 2; Written Decision and Order of the Immigration Judge, Dkt. 11-3).

## II. DISCUSSION

The Court first considers whether it has jurisdiction to decide Petitioner's claims. Petitioner's claims are largely predicated on an argument that while Petitioner has had multiple bond hearings, Petitioner has not been provided with a constitutionally adequate individualized custody determination at those bond hearings. Petitioner admits he has been set for four bond hearings, and at least two of those hearings were individualized and substantive. (Dkt. 1, at 2). At the third hearing, the Immigration Judge found that Petitioner poses a flight risk. (*Id.* at 2, 7). After hiring a new attorney, Petitioner requested reconsideration and presented additional facts and evidence. (*Id.* at 2, 7–8). A fourth hearing was held, and the Immigration Judge denied Petitioner's request to alter the flight risk determination, finding Petitioner had not shown materially changed circumstances. (*Id.* at 2, 8). Petitioner asks this Court to review the first discretionary decision made by the Immigration Judge and the second discretionary decision, on reconsideration, by the Immigration Judge.

Under 8 U.S.C.§ 1226(e), "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." Pursuant to 8 U.S.C.§ 1226(e), the Court is prohibited from setting aside the Immigration Judge's decisions in this case.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Section 1226(e) explicitly prohibits federal courts from setting aside the decision

of an immigration judge regarding the denial of bond to a noncitizen. Because the decision to detain Petitioner without bond was made both times following an individualized review of the record by an Immigration Judge, the Court finds it is stripped of jurisdiction under 8 U.S.C. § 1226(e) and cannot review Petitioner's claims.[6] The petition must be denied.

### III. CONCLUSION

For these reasons, **IT IS ORDERED** that Petitioner's Petition for Writ of Habeas Corpus is **DENIED** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **SEAL** Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), to protect the names of Petitioner's minor children from public disclosure.

**SIGNED** on April 2, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[6] "This is not to say a noncitizen who has been afforded a bond hearing could never prevail on claims arising under the Due Process Clause. The Court's determinations herein are limited to the facts of this case." *Orlando Vicente-Vicente v. Warden, Operator of the ERO El Paso Camp E. Montana, et al.*, No. EP-26-CV-00800-DB, 2026 WL 895626, at *2 (W.D. Tex. Apr. 1, 2026).

6